O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HAINING,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>THE BOEING CO.; MICHAEL KOBELIA; and DOES 1–50 inclusive,<br><br>　　　　　Defendants. | Case No. 2:12-cv-10704-ODW(MRWx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [17], AND DENYING PLAINTIFF'S MOTION FOR REMAND [38]** |

## I.　INTRODUCTION

Defendants Boeing Co. and Michael Kobelia move for summary judgment, contending that none of Plaintiff James Haining's causes of action are legally cognizable because the complained acts occurred in a federal enclave. (ECF No. 17.) Haining subsequently filed a Motion for Remand contending that the illegal acts, specifically the decisions concerning his employment and termination, occurred outside the federal enclave. (ECF No. 38.) As discussed below, Haining fails to demonstrate that his claims arose outside Vandenberg Air Force Base, a federal enclave. Accordingly, the Court **GRANTS** Boeing's Motion for Summary Judgment, and **DENIES** Haining's Motion for Remand.[1]

---

[1] After carefully considering the papers filed with respect to these Motions, the Court deems the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. BACKGROUND

Boeing is a civilian contractor operating within Vandenberg. At Vandenberg, Boeing performs operations- and sustainment-support services for the Ground-Base Mid-Course Missile-Defense Weapons System. (Kobelia Decl. ¶¶ 1–2.)

Haining was employed by Boeing, and worked as a Missions Operations Specialist, responsible for maintenance coordination and execution. (*Id.* ¶¶ 5–6.) Haining performed all his job duties in two secured buildings at Vandenberg, Buildings 1768 and 6510, and was not permitted to perform his job duties outside of these two buildings because of the classified nature of his work. (*Id.* ¶ 7.)

Haining suffered from Parkinson's disease and alleges he was subjected to physical and verbal harassment, discrimination, and a hostile work environment, including inheriting the nickname "Sir [S]hakes[-]a[-L]ot." (Compl. ¶¶ 13, 18–19.)

Haining then initiated an action in California Superior Court against Boeing and Kobelia, alleging eight causes of action: (1) harassment in violation of the California Fair Employment and Housing Act, ("FEHA"); (2) retaliation in violation of FEHA; (3) Discrimination in Violation of FEHA; (4) failure to investigate or prevent harassment in violation of FEHA; (5) failure to accommodate disability in violation of FEHA; (6) failure to engage in the interactive process in good faith in violation of FEHA; (7) denial and retaliation under the California Family Rights Act ("CFRA") in violation of FEHA; and (8) wrongful termination. (Compl. at 1.) Boeing removed the case to this Court on December 14, 2012. (ECF No. 1.)

## III. LEGAL STANDARD

Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and identify specific facts through admissible evidence that show a genuine

issue for trial. *Id.*; Fed. R. Civ. P. 56(c). Conclusory or speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill's Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

A genuine issue of material fact must be more than a scintilla of evidence, or evidence that is merely colorable or not significantly probative. *Addisu v. Fred Meyer*, 198 F.3d 1130, 1134 (9th Cir. 2000). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1968). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* Where the moving and nonmoving parties' versions of events differ, courts are required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## IV. DISCUSSION

The crux of these two Motions is where Haining's claims arose. Haining contends that his claims arose outside Vandenberg because Boeing representatives working off-base committed the violations. Boeing asserts that Haining's claims arose within Vandenberg because it is the location of his employment that controls, and thus, state law enacted or recognized after the establishment of Vandenberg as a federal enclave is inapplicable.

### A. The federal-enclave doctrine

Congress has the power "[t]o exercise exclusive Legislation . . . over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings." U.S. Const. art. I, § 8, cl. 17. Unless abrogated by Congress, the laws applicable to a federal enclave include federal law as well as state laws that were in effect when the state ceded power to the federal government, and which are not inconsistent with federal law. *James Stewart & Co. v. Sadrakul*, 309 U.S. 94, 99

(1940). Laws subsequently enacted by a state are inapplicable in the federal enclave unless the state legislature reserved the right to do so when it consented to the federal government's acquisition. *Paul v. United States*, 371 U.S. 245, 268 (1963); *Allison v. Boeing Laser Technical Servs.*, 689 F.3d 1234, 1235 (10th Cir. 2012) ("It is well-established that after a state has transferred authority over a tract of land creating a federal enclave, the state may no longer impose new state laws on these lands.").

**B. Vandenberg's federal-enclave status**

It is well-settled, and both parties concede, that Vandenberg is a federal enclave under the federal government's exclusive legislative jurisdiction—and has been since 1943. *Taylor v. Lockheed Martin Corp.*, 78 Cal. App. 4th 472, 479–80 (2000) (explaining Vandenberg's evolution to a federal enclave: the United States Army purchasing the land in 1941; the federal government accepting jurisdiction over Vandenberg in 1943; and the base's transfer to the Air Force in 1957).

**C. Haining's state-law claims**

Boeing argues that the federal-enclave doctrine preempts Haining's claims. Haining counters that although he was employed at Vandenberg, his claims arose from Boeing employees' conduct and actions occurring outside the federal enclave, thus the federal-enclave doctrine should not apply. Specifically, Haining contends that (a) his complaints were communicated to Boeing Human Resources and Equal Employment Opportunity representatives located outside the enclave; (b) these Boeing representatives confirmed Haining's complaints and conducted their investigation outside the enclave; (c) Boeing's representatives also confirmed Haining's requests for accommodations for Parkinson's disease while outside the enclave; and (d) Boeing's representatives denied Haining's requested accommodations based on decisions made outside the enclave.[2] (Opp'n 17–18.)

///

---

[2] Haining does not state—but it is only logical—that the decision to terminate his employment was also made by Boeing representatives (likely the same ones) located outside the enclave.

The Court finds Haining's argument that the federal-enclave doctrine does not apply to his claims unavailing. A plaintiff's place of employment is the significant factor in determining where the plaintiff's employment claims arose under the federal-enclave doctrine. *Lockhart v. MVM, Inc.*, 175 Cal. App. 4th 1452, 1459–60 (2009) (citing *Taylor*, 78 Cal. App. 4th at 481 ("As the employee of a contractor operating on the enclave, Taylor's claims are governed by the enclave's law.").) The enclave's law governs the employment claims of an employee of a federal contractor operating on a federal enclave. *Id.* at 1459. Because Haining was employed by Boeing exclusively at Vandenberg, his claims arose within a federal enclave—regardless of where decisions concerning his employment or termination were made. *Powell v. Tessada & Assocs., Inc.*, No. C 04-05254JF, 2005 WL 578103, at *2 (N.D. Cal. Mar. 10, 2005) ("[R]egardless of where the decision not to retain plaintiff was made, the decision reflects Defendant's employment practice on the enclave.").

Haining's complaint alleges eight state-law causes of action: seven under FEHA, and one for wrongful termination. All eight of these causes of action were enacted or recognized in California after the federal government accepted jurisdiction over Vandenberg in 1943, and are therefore inapplicable within Vandenberg. *Taylor*, 78 Cal. App. 4th at 483 ("[T]he Fair Employment and Housing Act (FEHA) was not enacted until 1980 . . . [and t]he predecessor statutes of FEHA were contained in the Fair Employment Practices Act, which was not enacted until 1959."); *Stiefel v. Bechtel Corp.*, 497 F. Supp. 2d 1138, 1148–49 (S.D. Cal. 2007) ("The common law claim for wrongful termination in violation of public policy was first recognized in California, at the earliest, in 1959."). Haining does not argue that any of these state-law causes of action come "within a reservation of jurisdiction [by California] or [have been] adopted by Congress." *Stiefel*, 497 F. Supp. 2d at 1147 (citing *James Stewart*, 309 U.S. at 100). Each of Haining's causes of action is therefore inapplicable within Vandenberg, a federal enclave.

/ / /

Accordingly, the Court **GRANTS** Boeing's Motion for Summary Judgment. (ECF No. 17.)

**D.  Motion for remand**

Haining does not argue that removal was improper, but only that his claims arose outside the base. (Mot. 18 ("[W]hile Plaintiff does not contest that Vandenberg AFB is a federal enclave, and that removal was not improper based on enclave jurisdiction at Vandenberg AFB, the facts demonstrate Plaintiff's claims arose outside the enclave.").)  But as discussed above, Haining's claims indeed arose within Vandenberg.  Federal courts have federal-question jurisdiction over tort claims that arise on federal enclaves.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006).  As such, the Court **DENIES** Haining's Motion for Remand.  (ECF No. 38.)

## V.  CONCLUSION

For the reasons addressed above, Boeing's Motion for Summary Judgment is **GRANTED**, and Haining's Motion for Remand is **DENIED**.

**IT IS SO ORDERED.**

September 11, 2013

_____
         **OTIS D. WRIGHT, II**
   **UNITED STATES DISTRICT JUDGE**